**NEW YORK DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Chapter 11**

Purdue Pharma, at al

——————————————————

**MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO CLARIFY DEBTORS'**

**Case no, 25-cv10427**

From Case No 25-cv-23649

**NOTICE REGARDING PRO SE SUBMISSIONS**

Ellen Isaacs  respectfully moves the Court for entry of an order striking or, in the

alternative, clarifying the Debtors' "Notice of Hearing Regarding Submissions by Pro Se

Claimants" [ECF No. 8440], and in support states as follows:

1.  **The Notice Contains Improper Legal Conclusions**
    The Debtors' Notice purports to "construe" pro se filings as not constituting notices

    of appeal, motions related to appeal, or motions to stay. Such characterizations are

    legal conclusions that the Debtors are not entitled to make. Only the Court may

    determine the procedural or jurisdictional effect of a filing.

2.  **The Notice Risks Prejudicing Pro Se Claimants**
    By framing pro se filings as procedurally deficient or unrelated to appellate relief,
    the Notice risks prejudicing claimants' rights and creating an inaccurate record.
    Pro se parties should not be disadvantaged by technical or formalistic
    interpretations in a proceeding of this complexity.
3.  **Liberal Construction Is Required**
    Courts are required to construe pro se filings liberally, particularly where

*See* Pg. 2

MEMO ENDORSED

constitutional rights and access to appellate review are implicated. The Debtors' Notice conflicts with this requirement by adopting a restrictive and self-serving interpretation of pro se submissions.

4. **Improper Use of an Omnibus Procedure**
   The consolidation of substantive motions raising distinct legal and factual issues into a single omnibus hearing—without individualized consideration—undermines meaningful judicial review and delays resolution of serious allegations, including contempt and requests for investigative relief.

5. **Relief Requested**
   Ellen Isaacs respectfully requests that the Court:

   - Strike the Debtors' Notice to the extent it purports to characterize or limit the legal effect of pro se filings; or
   - Clarify that:
     - The Debtors' characterizations are not binding;
     - The Court alone determines the effect of any filing;
     - Pro se submissions will be liberally construed; and
     - No pro se claimant's appellate or substantive rights are waived by the Notice.

**Dated: December 25, 2025**

**Respectfully submitted,**

**/S/ Ellen Isaacs**

**1029 Queensway Dr.**

**Weidmn, MI 48893**

**ryansopc@gmail.com**

**561-860-0770**

Appellee Purdue Pharma L.P. is directed to respond to *pro se* Appellant's letter by January 20, 2026. The Clerk of Court is kindly directed to mail this Endorsement to *pro se* Appellant at the address listed on ECF and to show service on the docket, and to terminate the motion at ECF No. 35.

Date: January 13, 2026
    White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge